UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILDPREPPER, LLC,

    Plaintiff,

v.                                                    Case No. 6:24-cv-2228-JA-EJK

HARRIS AERIAL, LLC,

    Defendant.

## ORDER

This case is before the Court on review of the Complaint (Doc. 1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

In the Complaint (Doc. 1), Plaintiff bases subject-matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. But Plaintiff has not sufficiently pleaded diversity of citizenship or the amount in controversy.

Plaintiff has not properly identified its own citizenship or that of Defendant. Plaintiff states that it "is a limited liability company formed under the laws of the State of Arizona with its principal place of business in Arizona." (Compl. ¶ 2). And Plaintiff states that Defendant "is a Florida limited liability company formed under the laws of the State of Florida with its principal address" in Florida and that "Benjamin Harris is the manager of" Defendant." (*Id.* ¶ 3). But the citizenship of a limited liability company is determined by the citizenships of each of its members—not by where the company is organized. *See Rolling Greens MHP, L.P., v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, absent information about who all the members of each LLC are and their citizenships, the Court cannot ascertain whether the parties are of diverse citizenship.

Additionally, Plaintiff only conclusorily alleges that the amount in controversy exceeds $75,000 as required under 28 U.S.C. § 1332. Plaintiff does not explain what the amount in controversy is or why it exceeds $75,000. Repleading on this point is also required.

Accordingly, it is **ORDERED** as follows:

1. The Complaint (Doc. 1) is dismissed without prejudice.

2. **No later than December 20, 2024,** Plaintiff shall file an amended complaint that establishes the citizenship of both parties and that the amount

in controversy exceeds $75,000.

      **DONE** and **ORDERED** in Orlando, Florida, on December 9, 2024.

                                              JOHN ANTOON II
                                      United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties